IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02058-EWN-OES

WESTCHESTER FIRE INSURANCE COMPANY,

Plaintiff(s),

v.

MIRANDA ABT, et al.,

Defendant(s).

**ORDER**

ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER

As you know, you have been named as a "defendant" in the above referenced Interpleader action because you are one of the people who may have a claim against the Bond issued by Westchester Fire Insurance Company as a result of travel problems with Grad Break Escapes, Student Express or Vacation Travel International. I will refer to you throughout the remainder of this Order as a "Claimant," rather than a "defendant," because you are not being sued or expected to pay anything. Rather, you are being sued so that the Court can fairly distribute the bond money to all of the people who may have been affected by the actions of the travel companies.

The purpose of this Order is to set forth the manner in which the Court is going to require Westchester Fire Insurance Company to distribute the funds.

In order for a Claimant to be considered a valid Claimant, or one entitled to bond proceeds, such Claimant must have executed the affidavit that was provided to you, have it notarized, and make sure Paige Hogan at The Hustead Law Firm was in receipt of the affidavit on or before May 2, 2005. Those individuals who did not respond, or did not properly execute and return the affidavits, are not valid Claimants and will not be receiving funds from the bond.

In addition, Westchester Fire Insurance Company, the Petitioner, will be allowed to retain some funds from the bond as a result of its costly and timely efforts to identify valid Claimants, initiate this Interpleader action, properly divide the bond funds, and finally, to properly distribute the bond funds. Pursuant to the United States Supreme Court, the petitioner in an interpleader action, such as Westchester Fire Insurance Company, is entitled to recover some fees where it is equitable and appropriate. *See FTC v. Skybiz.com, Inc.*, 102 Fed. Appx. 649 (10th Cir. 2004); *John Hancock Mutual Life Insurance Company v. Jordan*, 836 F.Supp. 743 (D.Colo. 1993). It is also long been held that the petitioner in an interpleader action is entitled to its costs out of the fund.

The costs already incurred in administrative functions, such as copying, couriering, mailings, and filing fees, total $2,213.60. The costs Westchester Fire Insurance Company will incur for mailing this order to every Claimant and mailing the checks to valid Claimants will be $969.85. In addition, the procedure for executing each check for each valid Claimant will cost Westchester Fire Insurance Company approximately $29.19 per check. There are a total of 367 valid Claimants, and Westchester Fire Insurance Company will incur a cost of $10,712.73 in this process.

This Court will allow Westchester Fire Insurance Company to recover approximately half, or $5500, of these costs. Accordingly, this Court is going to allow Westchester Fire Insurance Company to retain a total of $8683.45 for costs incurred in this matter.

In addition, in order for Westchester Fire Insurance Company to initiate this Interpleader action, which was filed in order to fairly distribute the funds to the valid Claimants, Westchester Fire Insurance Company was forced to retain attorneys to assist in that process. Many of the services provided by Westchester Fire Insurance Company's attorneys were imperative to you obtaining any funds from the bond. For example, all of the fees incurred in initiating an action, adequately and properly identifying valid Claimants and invalid Claimants, accurately dividing the bond fund, and all of the services that will be required in distributing the bond funds were performed for the sole purpose of fairly dividing the bond funds. This Court has reviewed and analyzed the detailed attorney invoices for which Westchester Fire Insurance Company is responsible to pay in this matter, and has determined that $18,215 of the attorneys' fees incurred were related solely to the services provided that were necessary to identify proper Claimants, include them in the Interpleader action, file the Interpleader action, amend the Interpleader action to incorporate necessary Claimants, divide the bond funds, and distribute the bond funds.

Accordingly, this Court is going to allow the Petitioner, Westchester Fire Insurance Company, to retain $18,215 of the penal sum of the bond for attorneys' fees reasonably incurred in providing services that benefit the Claimants here. Westchester Fire

Insurance company, therefore, will retain a total of approximately $26,898 from the $200,000 bond.

The remainder of the bond funds totals approximately $173,101. This amount will be divided on a pro rata basis among the valid Claimants. The amount of the valid claims totals $325,330.65. Because the total amount of the claims far exceeds the amount of funds available to be dispersed, each valid Claimant will only recover approximately 53% of the amount of his or her claim. The Court would like to reemphasize the fact that affidavits executed and mailed on May 2, 2005, were not likely *received* by Ms. Hogan on or before May 2, 2005. The Court reminds each of you that the previous Order expressly stated that the affidavits must be received by such date.

The individuals listed in Exhibit A, which is attached hereto, have been identified as valid Claimants who properly and timely executed the affidavits, and such individuals will receive a pro rata distribution of the remaining bond funds. The far right hand column in Exhibit A identifies the total amount that this Court is going to require Westchester Fire Insurance Company to pay to each of the valid Claimants.

Those individuals listed in Exhibit B, which is attached hereto, failed to respond altogether and cannot be considered valid Claimants. Therefore, each individual listed in Exhibit B will not receive any funds from the bond.

In addition, the individuals listed in Exhibit C, which is attached hereto, failed to timely respond or failed to properly execute the affidavit. Therefore, each individual listed in Exhibit C will not receive any funds from the bond.

The Court will provide Westchester Fire Insurance Company 45 days from the date of this Order to execute checks and mail them to each of the valid Claimants.

Dated at Denver this day of July 15, 2005

BY THE COURT:

s/ O. Edward Schlatter
_____
O. Edward Schlatter
U.S. Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 04-N-2058 (OES)

Certificate of Service

The undersigned certifies that a copy of the foregoing was delivered on this day of July 15, 2005, by:

(X)     delivery to:

Judge Edward W. Nottingham

( )     e-mail to:

( )     facsimile to:

(X)     depositing same in the United States mail postage prepaid, addressed to:

Patrick Q. Hustead
Paige K. Hogan
The Hustead Law Firm, *A Professional Corporation*
4643 S. Ulster Street, Suite 1250
Denver, CO 80237

(The Hustead Law Firm will be required to send this Order to all Claimants within 10 days of receipt of this Order)

GREGORY C. LANGHAM, Clerk


Clerk for Magistrate Judge O. Edward Schlatter